**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MARY GUIDRY**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

**CIVIL ACTION**

**NO. 23-1286-SDJ**

---

**RULING AND ORDER**

Before the Court is a Motion for Summary Judgment filed by Defendant State Farm Fire and Casualty Company (R. Doc. 142). Plaintiff Mary Guidry filed an Opposition to Defendant's Motion (R. Doc. 144), to which Defendant filed a Reply (R. Doc. 148). Oral argument on this Motion is not necessary. Having considered the Motion, supporting memoranda, and exhibits; Plaintiff's Opposition and exhibits; and applicable legal authorities, the Court finds that Defendant is entitled to summary judgment on Plaintiff's claims against it. As set forth below, Defendant's Motion for Summary Judgment is **granted**.

## I. BACKGROUND

This matter arises out of a first-party property damage insurance claim made by Plaintiff against Defendant based on property damages allegedly sustained by Plaintiff on August 29, 2021, as a result of Hurricane Ida.[1] Defendant had issued the homeowner's insurance policy in effect for Plaintiff's property at the time of the storm.[2] Plaintiff made a claim for this damage under her policy.[3] Defendant issued payment to Plaintiff, which payment Plaintiff alleges was "insufficient."[4]

---

[1] R. Doc. 1-2 at 1 ¶ 2.
[2] *Id*.
[3] *Id.* at 1-2 ¶ 4.
[4] *Id*. at 2 ¶¶ 5-6.

Plaintiff filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on August 8, 2023.[5] Thereafter, on September 11, 2023, Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6]

On October 14, 2025, Defendant filed, *inter alia*, a Motion in Limine to limit Plaintiff to the Actual Cash Value of repairs, rather than Replacement Cost Value, based on the language of her policy.[7] Trial was scheduled to begin on December 1, 2025.[8] However, during a status conference held on November 21, 2025, the Court and parties agreed to a continuance of the trial date to allow the parties to engage in further settlement negotiations.[9] Following an unsuccessful settlement conference on December 4, 2025, the Court held another status conference on December 11, 2025, to discuss possible dates for resetting the trial, during which three possible dates were selected.[10] On December 18, 2025, the Court reset the trial to begin on May 11, 2026.[11]

Subsequently, on April 9, 2026, the Court granted Defendant's Motion in Limine on the Issue of Replacement Cost Value, finding that because Plaintiff did not comply with the provisions of her homeowner's insurance policy, she is entitled to recover only the ACV of any repairs.[12] Almost a month later, on May 1, 2026, Defendant filed a Motion in Limine to Exclude Plaintiff's Repair Estimate, in which Defendant sought to exclude from trial Plaintiff's "inaccurate repair estimate" because Plaintiff's estimate, submitted as an expert report, contains only the RCV, not the ACV, for the listed repairs.[13]

---

[5] *Id.*
[6] R. Doc. 1 at 3.
[7] R. Doc. 63.
[8] R. Doc. 32 at 2.
[9] R. Doc. 106.
[10] R. Docs. 110, 111.
[11] R. Doc. 112.
[12] R. Doc. 126 at 5.
[13] R. Doc. 133; R. Doc. 133-1 at 1.

On May 11, 2026, during a status conference held prior to the start of trial, the Court took up Defendant's Motion in Limine and expressed its intention to grant said Motion, given that it had already ruled that Plaintiff was only entitled to recover ACV and that Plaintiff's estimate contained only RCV.[14] Plaintiff's counsel then made an oral motion to continue trial so that Plaintiff could submit ACV values or, in the alternative, allow Plaintiff's contractor and expert, Jason May, to testify to new depreciated amounts at trial, outside of the scope of his submitted expert report.[15] Defense counsel objected to both requests.[16] The Court then took a short recess to provide the parties with a brief window to discuss settlement in light of the recent ruling; none was reached.[17] Following the recess, the Court stated that Jason May would not be allowed to testify as an expert on depreciated values because they are outside the scope of his expert report.[18] Given the posture of the case, the Court then stated it would grant Plaintiff's oral motion to continue.[19] It also set a deadline of June 1, 2026, for the parties to file any motions, including dispositive motions.[20]

On June 1, 2026, Plaintiff filed a Motion to Re-Open Discovery for the Purposes of Supplementing and Amending Plaintiff's Estimate and Setting Deadlines.[21] In the Motion, Plaintiff sought permission to submit a Supplemental and Amended Estimate from Jason May, which purportedly contained ACV values, and to "re-open expert discovery on a limited basis and permit both parties to file motions related to the Supplemental and Amended Estimate."[22] The

[14] R. Doc. 139 at 1.
[15] *Id.* at 1-2.
[16] *Id.* at 2.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] R. Doc. 143.
[22] *Id.* at 1.

Court, on August 3, 2026, denied Plaintiff's Motion, finding that Plaintiff failed to demonstrate good cause as required by Federal Rule of Civil Procedure 16.[23]

Also on June 1, 2026, Defendant filed the instant Motion for Summary Judgment, to which Plaintiff filed her Opposition on June 19, 2026.[24] Defendant then filed its Reply on July 2, 2026.[25]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Stated another way, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Garcia v. LVNV Funding LLC*, No. 08-514, 2009 WL 3079962, at *2 (W.D. Tex. Sep. 18, 2009). "If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor." *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted sub nom.*, 2021 WL 400537 (M.D. La. Feb. 4, 2021) (citing

[23] R. Doc. 149 at 7.
[24] R. Docs. 142, 144.
[25] R. Doc. 148.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party satisfies this burden "by submitting or referring to evidence, [which] set[s] out specific facts showing that a genuine issue exists." *Garcia*, 2009 WL 3079962, at *2.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 requires that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075. In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). However, a party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *See e.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of [Defendant's] Motion, and therefore, the Court could grant [Defendant's] Motion for Summary Judgment on this basis alone.").

**B. Analysis**

In its Motion for Summary Judgment, Defendant argues that "[w]ithout evidence of the ACV of her damaged property, Plaintiff cannot create an issue of fact on her property damage claims."[26] The Court agrees.

Plaintiff's central argument in her Opposition is that May has submitted a revised estimate which includes ACV. Plaintiff argues that State Farm cannot establish that it is entitled to summary judgment based on allegedly undisputed facts because "even if its facts are taken as true as the estimate by Jason May[] has been revised to reflect the actual cash value of the repairs, based upon the correct price list, and including depreciation."[27] Plaintiff continues:[28]

> State Farm's sole basis for seeking to have Ms. Guidry's entire breach of contract claim dismissed because her contractor, Jason May, provided an estimate that would be to complete the repairs and not simply an estimate cash value of the loss based upon a subjective criteria as to spitball the amount of the loss. However, the revised estimate by Jason May is based upon the August 2021 price list, includes depreciation, and estimates the actual cash value to make the repairs to the damage caused by Hurricane Ida is $400,175.52 to return the Policyholder's home to pre-Hurricane Ida condition.

Plaintiff concludes her Opposition by arguing "that with the production of the correct and revised estimate of the actual cash value of the repairs, there is a genuine dispute of material fact, and State Farm is not entitled judgement as a matter of law under the allegedly disputed facts."[29]

However, subsequent to Plaintiff filing her Opposition, the Court denied Plaintiff's Motion to Re-Open Discovery and accompanying request to allow May to file his Supplementing and Amended Estimate purportedly including ACV amounts.[30] As such, May's revised estimate has not been accepted by the Court and is not part of the record, thereby negating Plaintiff's

[26] R. Doc. 142-1 at 5.
[27] R. Doc. 144 at 4.
[28] *Id.*
[29] *Id.* at 7.
[30] *See* R. Doc. 149.

Opposition. Plaintiff appears not to have considered denial of her Motion a possible outcome because she makes no other pertinent arguments in her Opposition.[31] And, once that Ruling was issued, Plaintiff did not seek to amend her Opposition to Defendant's Motion for Summary Judgment to make additional arguments.

Here, the Court, in prior Rulings, has determined that Plaintiff is only entitled to recover ACV on any covered damages to her property.[32] There is no dispute that the estimate submitted by Jason May includes only RCV, not ACV, and has since been excluded on that basis. And, the Court will not allow the estimate to be revised at this late stage of the proceedings, when no prior efforts were made.[33] As it stands, there is no evidence of Plaintiff's damages in the record. Because Plaintiff has not shown that there is a genuine issue of material fact of regarding damages by failing to present any evidence of damages, Defendant is entitled to summary judgment on Plaintiff's claims.[34] *See Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 914 (S.D. Tex. 2015) (finding plaintiffs "have not satisfied their summary judgment burden of showing that there is a genuine issue of material fact of the essential element of damages" by "fail[ing] to present any evidence of damages"); *Allen v. DHI Mortg. Co., Ltd.*, No. 12-1032, 2013 WL 12101007, at *2 (Nov. 4, 2013) (defendants entitled to summary judgment on the "independent basis" that

[31] The Court notes that Plaintiff also asserts in her Opposition that "Jason May is simply a contractor, and not a public adjuster," arguing that Defendant's questions to May during his deposition about Plaintiff's policy (*i.e.*, that it was an ACV policy) "were improper for [him] to opine" and that the estimate he created was as a contractor, not an adjustor. R. Doc. 144 at 5-6. However, the Court fails to see the relevance of this argument in the current context of summary judgment.

[32] R. Docs. 126, 139.

[33] *See* R. Doc. 149.

[34] In its Motion for Summary Judgment, Defendant also argues that Plaintiff's storage and remediation claims also are untenable. Per Defendant, both of these alleged expenses were related to mold and thereby excluded from coverage by her policy. R. Doc. 142-1 at 14-17. Plaintiff, in her Opposition, does not address, acknowledge, or otherwise refute this argument. As such, because it is unopposed, the Court does not further address it herein. *See Oliver v. Military Dept.*, No. 22-356, 2013 WL 2700709, at *10 (M.D. La. Mar. 29, 2023) (finding plaintiff had abandoned several claims "by failing to address them in her Oppositions"); *Newman v. Tex. Parks and Wildlife Dept.*, No. 16-2626, 2018 WL 2722271, at *12 n. 37 (S.D. Tex. Jun. 6, 2018) ("failure to brief an argument in the district court waives that argument in the court").

plaintiff produced no evidence of any damages); *EsNtion Records, Inc. v. TritonTM, Inc.*, No. 07-2027, 2009 WL 3805827, at *8 (N.D. Tex. Nov. 13, 2009) (because plaintiff failed to prove damages, plaintiff failed to carry its burden and show a genuine issue of material fact regarding its copyright claims). *See also MAPP Constr. LLC v. Paragon Steel Servs., Inc.*, No. 09-625, 2011 WL 572425, at *5 (M.D. La. Feb. 15, 2011) ("Arguments without evidence are insufficient to defeat a motion for summary judgment.").

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed by Defendant State Farm Fire and Casualty Company (R. Doc. 142) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted by Plaintiff Mary Guidry against Defendant State Farm Fire and Casualty Company are hereby **DISMISSED, with prejudice**.

Signed in Baton Rouge, Louisiana, on September 8, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**